**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN DOE** | ) | |
| | ) | Case No. |
| v. | ) | 17-cv-748 |
| | ) | |
| **COLUMBIA COLLEGE CHICAGO,** | ) | JUDGE |
| **et. al.,** | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

---

### Plaintiff's Motion to Allow the Parties to Use Pseudonyms

---

Plaintiff John Doe ("Doe") respectfully requests permission to use pseudonyms to represent himself, the female defendant in this case Jane Roe ("Roe"), and the student witnesses identified in the Complaint because the potential harm to the individuals outweighs the possible prejudice to Defendants of concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir.2004) ("[t]he presumption the parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from concealment."). In the alternative, John Doe requests this Court, at a minimum, allow pseudonyms until dispositive motions are ruled on. *See, Malibu Media, LLC v. Reynolds*, No. 12 C 6772, 2013 WL 870618, at **7-8 (N.D. Ill. Mar. 7, 2013) (allowing the case to proceed using pseudonyms with reconsideration of the decision following the ruling on dispositive motions). *See also, EEOC v. SPOA, LLC*, 2013 U.S. Dist. Lexis 148145, *12 (D. Md., Oct. 15, 2013)(allowing Title VII plaintiff to remain anonymous in court filings, but requiring plaintiff to use her legal name if jury

1

trial occurs) *Doe v. De Amigos LLC*, 2012 U.S. Dist. Lexis 190501, *25-28 (D.D.C., Apr. 30, 2012)(same).

Pseudonyms have been found appropriate in cases with similar facts to those presented here. Pursuant to the case of *Doe v. Elmbrook School District*, the Court should weigh the parties' privacy interests against the presumption of open judicial proceedings in evaluating motions to proceed under pseudonyms. *See,* 658 F.3d 710, 722 (7th Cir. 2011). In balancing these interests, the Seventh Circuit allows the use of fictitious names when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997) (allowing pseudonyms to protect the plaintiff's health); *Doe v. Trp Acquisition, Inc.* No. 16C3635, 2016 WL 3671505, at *2 (N.D. Ill. July 11, 2016) (allowing pseudonyms in a sexual harassment case because the allegations involved an alleged sexual assault).

Other federal circuit courts have elaborated on these factors and identified the following relevant factors: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; (4) whether the plaintiff would risk injury if identified; and (5) whether the plaintiff is a child. *Id.; see also*, *Doe v. Porter,* 370 F. 3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)) (holding that the parties' privacy interests outweighed the presumption of open judicial proceedings in evaluating motions to proceed under pseudonyms in cases involving sexual assault allegations); *Roe v. St. Louis Univ.*, 2009 WL 910738 (E.D. Mo. Apr. 2, 2009) (allowing plaintiff to use a pseudonym because the interest in preserving a student's privacy through the use of a pseudonym outweighed

the public interest in ascertaining the student's true identity where the allegations in the complaint against a university included rape allegations, which was a personal matter of the utmost intimacy).

These factors strongly counsel in favor of permitting Doe and Roe to use pseudonyms in this case. First, prosecution of this lawsuit will compel the disclosure of information 'of the utmost intimacy' in the form of explicit details of Doe and Roe's sexual activities. Likewise, while Doe and Roe are not technically "children," both are young college students. Further, while Doe is not living in Illinois, his Complaint details threats of physical harm to himself and his wife as a result of Roe's false allegations against Doe. Finally, there is no risk of prejudice to the named party, Columbia College Chicago ("CCC"). To the contrary, permitting Roe and Doe to use a pseudonym will further CCC's interest in maintaining the confidentiality of its disciplinary proceedings, particularly in the context of investigations into charges of sexual misconduct.

In addition, factors recognized by other courts strongly favor the use of pseudonyms in this case. These factors include: (1) "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the [party's] identity"; (2) "whether the [party] is particularly vulnerable to the possible harms of disclosure, particularly in light of his [or her] age; (3) "whether the plaintiff's identity has thus far been kept confidential"; (4) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; and (5) "whether . . . there is an atypically weak public interest in knowing the litigants' identities"; (6) "whether there are any alternative mechanisms for protecting the confidentiality

of the [parties]." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (citations and quotation marks omitted). Each of these factors are present here.

First, revealing Doe and Roe's identities would create the very harm this lawsuit is brought to avoid: the irreparable reputational injury of having an unfounded complaint of sexual misconduct brought against Doe. Similarly, both Roe and Doe are vulnerable to the possible harms of disclosure: they would be instantly identifiable through Internet searches and would carry the stigma of having their sexual activities aired publicly, causing substantial, irreparable harm to their future educational opportunities, job searches, and family and personal relationships.

This type of harm is likely to occur given the current media frenzy regarding sexual assaults on college campus which is destroying the lives of falsely accused students. *See e.g., See e.g.,* Emily D. Safko, *Are Campus Sexual Assault Tribunals Fair?: The Need For Judicial Review and Additional Due Process Protections In Light of New Case Law,* 84 Fordham L. Rev. 2289 (2016), pgs. 2304-5 (discussing universities' concerns regarding OCR enforcement actions that commentators believe "incentivizes schools to hold accused students accountable by implementing and conducting proceedings that are unfairly stacked against the accused."). *Id.,* pgs.2320-24 (addressing same); *Complaint, Exhibit P* (containing *Open Letter From Sixteen Members of Penn Law School Faculty* (Feb. 17. 2014) which states in part: "Although we appreciate the efforts of Penn and other universities to implement fair procedures, particularly in light of the financial sanctions threatened by OCR, we believe that OCR's approach exerts improper pressure upon universities to adopt procedures that do not afford fundamental fairness."); Barclay Sutton Hendrix, *A Feather On One Side, A Brick On The Other: Tilting The Scale Against Males Accused of Sexual Assault In Campus Disciplinary Proceedings*, 47 Ga. L.

Rev. 591, (2013); Stephen Henrick, *A Hostile Environment for Student Defendants*: *Title IX and Sexual Assault on College Campuses,* 40 N. Ky. L. Rev. 49 (2013); *Complaint, Exhibit Q* (containing *Rethink Harvard's Sexual Harassment Policy,* LETTER TO EDITOR, BOSTON GLOBE, Oct. 15, 2015); Janet Halley, *Trading the Megaphone for the Gravel Gavel in Title IX Enforcement,* HARV. L. REV. F. 103, 103-17, (2014); Samantha Harris, *Campus Judiciaries on Trial: An Update from the Court,* HERITAGE FOUNDATION, Oct. 6. 2015; http://www.heritage.org/research/reports/2015/10/campus-judiciaries-on-trial-an-update-from-the-courts (accessed 1/4/17); Janet Napolitano, *"Only Yes Means Yes": An Essay on University Policies Regarding Sexual Violence and Sexual Assault,* Yale Law and Policy Review Volume 33; Issue 2 (2015); Robin Wilson, *Presumed Guilty,* CHRONICLE OF HIGHER EDUCATION (Sept. 3. 2014) http://chronicle.com/article/Presumed-Guilty/148529/?cid=a&utm_medium=en (accessed 1/4/17) (noting: "Under current interpretations of colleges' legal responsibilities, if a female student alleges sexual assault by a male student after heavy drinking, he may be suspended or expelled, even if she appeared to be a willing participant and never said no. That is because in heterosexual cases, colleges typically see the male student as the one physically able to initiate sex, and therefore responsible for gaining the woman's consent."); *Dershowitz and Other Professors Decry 'Pervasive and Severe Infringement' of Student Rights,* Jacob Gershman (May 18, 2016), http://blogs.wsj.com/law/2016/05/18/dershowitz-and-other-professors-decry-pervasive-and-severe-infringement-of-student-rights/ (accessed 1/4/17).

Moreover, there is no countervailing public interest in forcing Doe and Roe to be identified publicly. To the contrary, denying the use of pseudonyms would chill the public's interest in protecting the reputations of citizens exposing college employees who seek to unlawfully destroy the reputations of their citizen students. Finally, there is no better alternative

mechanism to keep the names of the students confidential.  For, the alternative to pseudonyms - filing documents under seal - would limit, rather than promote, the overall transparency of these proceedings.

This may be why courts across the country permit students filing sexual misconduct lawsuits against universities to proceed anonymously.  *See e.g., John Doe v. Salisbury University,* 2015 U.S. Dist. Lexis 70982 (D.C. Md., June 2, 2015)(rejecting motion to dismiss a Title IX claim filed by a male student proceeding under a John Doe pseudonym); *John Doe v. Washington and Lee University,* 2015 U.S. Dist. Lexis 102426 (W.D. Va., Aug. 5, 2015)(same); *John Doe v. University of South Florida Bd. Of Trustees,* 2015 U.S. Dist. Lexis 69804 (M.D. Fla., May 29, 2015)(same); *Doe v. University of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009)(same); *Doe v. New York University*, 786 N.Y.S.2d 892, 904 (N.Y. Sup. Ct. 2004) (stating that in lieu of sealing court filings, court records could be amended by replacing plaintiffs' names with pseudonyms, so as to protect plaintiffs' privacy).

For the foregoing reasons, Doe respectfully requests this Court execute the attached proposed order which states: (a) Plaintiff will be referred to as Doe; (b) the female Defendant in this case – Roe - shall be referred to as Roe; (c) CCC students involved in this proceeding will be referred by their first name only; and (d) Parties will file under seal with this Court un-redacted copies of any redacted exhibits attached to any court filing.

In the alternative, Doe requests this Court allow pseudonyms at least until this Court resolves any dispositive motions.  Or, if this Court finds John and Roe may not proceed under pseudonyms, Doe respectfully requests leave to file an amended pleading that contains the names and addresses of these individuals, rather than have the suit dismissed.

A proposed order granting this motion is filed herewith.

Respectfully submitted,

Attorneys for John Doe

By: /s/ Eric J. Rosenberg – pending *Pro Hac Vice*

Eric J. Rosenberg (0069958)
Tracy L. Turner (0069927)
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, Ohio 43023
740.644.1027 phone
866.498.0811 fax
erosenberg@rosenbergball.com
tturner@rosenbergball.com

Lead Attorneys for Plaintiff

/s/ Chad Nold
Chad Nold (6317549)
Daliah Saper (6283932)
Saper Law Offices, LLC
505 N. LaSalle St., Ste. 350
Chicago, IL 60654
(312) 527-4100
chad@saperlaw.com
ds@saperlaw.com

Local Counsel for Plaintiff