UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>COLUMBIA COLLEGE CHIGAGO,<br><br>    Defendant, and<br><br>JANE ROE,<br><br>    Defendant, Counter-Plaintiff. | Case No. 17-cv-748<br><br>Judge Amy St. Eve<br><br>JURY DEMAND |

### JANE ROE'S MOTION TO STRIKE JOHN DOE'S ANSWER TO HER COUNTERCLAIM IN DOCKET NO. 53

In Defendant John Doe's Third Answer to Jane Roe's Counterclaim, he violates Rule 8 of the Federal Rules of Civil Procedure in a variety of ways:

- He leaves the Counterclaim's actual allegations unanswered and instead inserts and admits his own self-serving allegations.

- He ignores the Counterclaim's allegations and instead points to nonresponsive documents quoted at length in his Complaint or attached as exhibits and simply admits the contents of those documents.

- He points to those same nonresponsive documents and essentially states that they speak for themselves in response to the Counterclaim's allegations.

- He claims to lack knowledge regarding the Counterclaim's allegations by saying he had no contact with Roe during a particular timeframe despite acknowledging elsewhere that he did have contact with her during that timeframe.

- He admits to his own self-serving allegations and then denies all of the Counterclaim's allegations inconsistent with his admissions even though his admissions are neither consistent nor inconsistent with the Counterclaim's allegations, thus leaving those allegations unanswered.

1

- He uses ambiguous cheat words and phrases such as "may" or "during certain periods of time" to act as hedges, neither admitting nor denying the allegations against him.

Rule 8(b) prohibits these tactics. John Doe has had three chances to answer Roe's Counterclaim. Three chances are enough. Roe asks this Court to strike John Doe's violative responses, to deem the corresponding Paragraphs of the Counterclaim admitted, and to grant Roe her attorneys' fees related to the Motion to Strike proceedings.[1]

ARGUMENT

**I.     RULE 8(B) AND THE GOVERNING CASE LAW REQUIRE JOHN DOE TO PROVIDE A RESPONSIVE ANSWER TO THE COUNTERCLAIM.**

Rule 12 of the Federal Rules of Civil Procedure provides the mechanism for striking answers to counterclaims. This Court held in *Pavlik v. FDIC*, No. 10 C 816, 2010 WL 3937621, *2 (N.D. Ill. Oct. 5, 2010), that a response may be stricken pursuant to Rule 12 if the response is, among other things, "immaterial" or "impertinent" to the allegations it purports to answer.

Rule 8 of the Federal Rules of Civil Procedure governs how a party must answer a counterclaim. Rule 8 gives "only three options in how to answer an averment in a complaint [or counterclaim]: Admit it; deny it; or state that the defendant is without sufficient knowledge or information to form a belief as to its truth, which has the effect of a denial." *Divane v. Nextiraone LLC*, No. 01 C 3899, 2002 U.S. Dist. LEXIS 21010, *4 (N.D. Ill. Oct. 30, 2002). Responses not falling under one of these three categories may be stricken or deemed admitted within the Court's discretion. *Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 U.S. Dist. LEXIS 22158, *3 (N.D. Ill. Sept. 29, 2005) (improper answers may be deemed admitted); *State Farm Mut. Auto Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001) (striking improper answer).

---

[1] Roe's Motion to Strike is ripe. While John Doe today filed a Motion for Leave to Correct/Amend his current Complaint (*see* Dkt. 65), his counsel agreed in a January 31, 2018 email to undersigned counsel that the filing of his motion today would not render Roe's renewed Motion to Strike as moot or unripe.

Denials "must fairly respond to the substance of the allegation. . . . A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(2), (b)(4). Responses purporting to deny only a portion of an allegation by offering self-serving "admissions" to matters not specifically set forth in the allegation and denying the remainder fail to "clearly set forth what is denied and what is admitted" and are properly stricken as a result. *See Wausau Ins. Co. v. Woods Equip Co.*, No. 01 C 8009, 2002 U.S. Dist. LEXIS 4171, **3-4 (N.D. Ill. Mar. 13, 2002) (striking answer that repeatedly relied on a form "admission" followed by a denial of the remainder). *See also Metro Life Ins. Co. v. Przybil*, No. 02 C 1940, 2002 U.S. Dist. LEXIS 22756, **4-5 (N.D. Ill. Nov 19, 2002) (striking responses in an answer that "plead[] additional facts that allegedly controvert the averments" rather than admitting or denying the allegations).

Denials that hedge or require further analysis to determine just what is being admitted or denied are similarly improper. In *Divane*, 2002 U.S. Dist. LEXIS 21010, at *4, the Court rejected a response to allegations about the underlying document purporting to deny the allegations "[t]o the extent Plaintiffs inaccurately and/or incompletely summarize the content" of the document. The response "invite[d] the court to peruse [the document] and answer plaintiff's averment itself," and so was deemed an admission. *Id.*

Twenty-one of John Doe's responses violate the rules governing answers to counterclaims.

II. **THE FOLLOWING 21 RESPONSES TO ROE'S COUNTERCLAIM VIOLATE RULE 8(B) AND SHOULD BE STRICKEN, WITH ROE'S ALLEGATIONS DEEMED ADMITTED.**

**Paragraph 1**: Counterclaim Paragraph 1 summarizes Roe's claims and alleges multiple facts. The Third Answer admits two of those facts: 1) that John Doe used alcohol and LSD on the date in question; and 2) that he knew Roe was a freshman. (Dkt. 58 at ¶ 2.) But the Third Answer

3

ignores Roe's remaining allegations and instead alleges and admits its own self-serving "facts." Those "facts" include that: 1) Roe initiated or consented to the physical conduct detailed in a three-page single-spaced letter written by John Doe to Defendant Columbia College Chicago ("CCC") and reproduced at Complaint Paragraph 53; 2) the alcohol and LSD he consumed neither adversely impacted his ability to recollect events nor caused him to engage in nonconsensual acts with Roe; and 3) he made consensual contact with Roe's genitals and buttocks. (*Id.*)

Not surprisingly, Counterclaim Paragraph 1 alleges none of this and none of what is in John Doe's self-serving letter. (Dkt. 53 at Counterclaim ¶ 1.) Nor does the Counterclaim allege anything about John Doe's drug and alcohol use having no adverse impact on him. (*Id.*) Nor does it allege that his sexual contact with Roe was consensual. (*Id.*) Rule 8(b) does not allow John Doe to ignore Roe's concrete allegations and instead make up and admit his own allegations. His violative responses must be stricken.

**Paragraph 3**: Counterclaim Paragraph 3 alleges that: 1) Roe filed a sexual assault complaint with CCC; 2) CCC investigated her complaint; 3) CCC conducted a hearing; 4) CCC determined John Doe committed sexual misconduct; and 5) CCC ultimately suspended him for a full school year. (*Id.* at Counterclaim ¶ 3.)

John Doe's Third Answer asserts the mantra that "Plaintiff was ultimately <u>unlawfully</u> disciplined by CCC <u>because of Roe's false allegations</u> during a process detailed in the Complaint." (Dkt. 58 at ¶ 4) (emphasis added).[2] But Roe's Counterclaim never alleges that John Doe was "unlawfully" disciplined or that that discipline was due to "Roe's false allegations." (Dkt. 53 at Counterclaim ¶ 3.) John Doe simply inserts his own self-serving allegations and then admits them, rendering meaningless any "admission" of the Counterclaim's actual allegations. (Dkt. 58 at ¶ 4.)

---

[2] In response to Counterclaim Paragraphs 26 and 27, John Doe's Third Answer repeats this mantra about "false allegations" in Roe's complaint to CCC and CCC "unlawfully disciplin[ing]" John Doe.

Of course, Rule 8(b) does not John Doe the luxury of simply creating his own allegations—his own reality—and responding to that. *See*, *e.g.*, *Przybil*, 2002 U.S. Dist. LEXIS 22756, at **4-5. He must respond to the allegations he faces, not the ones he may wish to face.

What's more, by "admitting" that CCC investigated Roe's sexual assault complaint "as detailed in [John Doe's] Complaint," John Doe fails to admit anything since this overlays every allegation in his 98-page Complaint into his supposed admission. (Dkt. 58 at ¶ 4.) Rule 8(b) entitles Roe to a clean admission or a denial of her allegations.

**Paragraph 6**: Counterclaim Paragraph 6 alleges among other things that during the December 11, 2015 party, John Doe groped Roe's arms and legs while they were sitting on a couch. (Dkt. 53 at Counterclaim ¶ 6.) John Doe admits that he attended the party, that he sat with Roe on a couch and that he "may" have put his arm around her. (Dkt. 58 at ¶ 7.) He then denies all other allegations inconsistent with his admissions. (*Id.*) Yet those remaining allegations represent different facts from what he has admitted. Those remaining allegations are neither consistent with nor inconsistent with his admissions. They are simply separate alleged facts. Therefore, when John Doe denies the other facts in Paragraph 6 that are supposedly inconsistent with his own admissions, it is impossible to tell whether he is admitting or denying these other allegations. These are two ships passing in the night. Moreover, he uses the cheat word "may" in responding to Roe's allegation about putting his arm around her. (*Id.*) By answering that he "may" have done so, this is neither an admission nor a denial. Perhaps he cannot recall this fact since he was, by his own admission, drunk and high on LSD at the time. (Dkt. 58 at ¶¶ 2, 20, 36.)

**Paragraph 7**: Counterclaim Paragraph 7 alleges multiple facts regarding John Doe and Roe leaving the party and going to his dorm suite. (Dkt. 53 at Counterclaim ¶ 7.) John Doe admits some of the alleged facts. (Dkt. 58 at ¶ 8.) Namely, he admits that Roe expressed an interest in

5

leaving the party; he admits the layout of his dorm suit; and he admits that Roe was in his bedroom that night. (*Id.*) But he fails to respond to other allegations in Paragraph 7, such as his pressuring Roe to return to his dorm suite. (*Id.*) Instead, he states that he "denies all other allegations in ¶7 inconsistent with these admissions." (*Id.*) But like Paragraph 6, whether John Doe pressured Roe to return to his dorm suite is neither consistent nor inconsistent with the facts he has already admitted. Therefore, it is impossible to know whether he admits or denies this allegation. Again, two ships passing in the night. But Rule 8(b) demands more.

**Paragraph 8**: Counterclaim Paragraph 8 alleges several facts about when Roe and John Doe arrived at his dorm suite: 1) at the time when they arrived at the dorm suite, other people were in the suite's central room; 2) John Doe's roommate was asleep in their bedroom; 3) after Roe and John Doe spent a brief time in the central room, John Doe took Roe into his bedroom; 4) he asked her to wake up his roommate to request that the roommate leave the bedroom; 5) she declined to do so; and 6) his bedroom was not pitch black but quite dark. (Dkt. 53 at Counterclaim ¶ 8.)

John Doe's Third Answer admits to the first fact described above. (Dkt. 58 at ¶ 9.) As to the second, third and fifth facts described above, John Doe hedges by using the phrase "certain periods of time," rendering his supposed admissions vague and essentially meaningless. (*Id.*) For example, in response to Roe's allegation that the bedroom was quite dark throughout the time they were there, John Doe states that "during certain periods of time on December 11, 2015, Plaintiff's bedroom was quite dark." (*Id.*) But Roe's Counterclaim does not allege that the bedroom was dark during *certain* periods of time that evening. (Dkt. 53 at Counterclaim ¶ 8.) It alleges that it was dark *the whole time* they were in the room. (*Id.*) That allegation is important because it bolsters the allegation that John Doe hid Roe's clothes in the dark bedroom to prevent her from finding them, getting dressed and leaving. (*Id.* at Counterclaim ¶ 17.) Given John Doe's vague "certain

6

periods of time" response, there is no way to know if he is admitting or denying that the bedroom was quite dark while he and Roe were in it. Therefore, it does not represent a response. It represents a smokescreen. He employs this same response to Roe's allegations about when his roommate was asleep and when he and Roe were in the bedroom. (Dkt. 58 at ¶ 9.) This hedge is a non-answer.

**Paragraph 10**: Counterclaim Paragraph 10 alleges several facts regarding John Doe's attempts to force Roe's hand down his pants and her repeated non-consent regarding this, including pulling her hand away and interlocking her arms. (Dkt. 53 at Counterclaim ¶ 10.) The Third Answer points to the three-page letter at Complaint Paragraph 53 and admits the truth of what John Doe says in that letter. (Dkt. 58 at ¶ 11.) But nothing in that letter addresses the allegations in Counterclaim Paragraph 10 about him forcing Roe's hand down his pants. (Dkt. 50 at ¶ 53.) Instead, the letter's quoted language relates to whether he would find Roe's body attractive, her body image issues, her removing her clothes, and the parties kissing. (*Id.*) His response is classic misdirection, admitting the truth of what he says in a portion of his Complaint but not responding to what Counterclaim Paragraph 10 alleges. This is no response at all.

**Paragraph 12**: Counterclaim Paragraph 12 alleges the following facts regarding John Doe's oral sex attempts on Roe: 1) telling her that he wanted her to "sit on [his] face;" 2) Roe's resisting and tensing up her body to prevent this; and 3) Roe going into a state of shock. (Dkt. 53 at Counterclaim ¶ 12.) As his response, John Doe admits to the truth of his three-page letter. (Dkt. 58 at ¶ 13.) But that letter addresses virtually none of Counterclaim Paragraph 12's allegations about oral sex. (Dkt. 50 at ¶ 53.) The only time the letter mentions oral sex is when it claims that John Doe "ask[ed] Roe if she wanted to sit on his face." (Dkt. 58 at ¶ 13) (emphasis added). But nowhere in Counterclaim Paragraph 12 does Roe allege that John Doe *asked* if Roe wanted to sit

7

on his face. Rather, it alleges that he *demanded* that she sit on his face. (*Id.*) So his response is silent as to what she actually alleges.

More importantly, his response says nothing about many other allegations in Paragraph 12 regarding his forced oral sex. (Dkt. 58 at ¶ 13.) His response and his three-page letter never address her allegations that she resisted, that she tensed up her body, that she prevented him from getting her on top of him, and that she had gone into shock at this point. (*Id.*) And while his answer includes a catch-all that he denies all other allegations in Paragraph 12 inconsistent with his admissions (*see, id.*), since his admissions fail to address Roe's actual allegations, his catch-all two-ships-passing-in-the-night response is meaningless in itself. Rule 8(b) demands more.

**Paragraph 13**: Counterclaim Paragraph 13 alleges that after failing to get Roe on top of him for oral sex, John Doe moved her to the side of his bed against his wall, pinning her in and blocking her from getting off the bed. (Dkt. 53 at Counterclaim ¶ 13.) Once again. He responds by citing to his three-page letter. (Dkt. 58 at ¶ 14.) But this time, his response does not even bother quoting the letter, presumably because the letter never addresses Counterclaim Paragraph 13's allegations. (*Id.*) Moreover, John Doe twice uses the cheat word "may" in his response to avoid being tied down to a clean admission or denial of the alleged facts. (*Id.*) He states that Roe "<u>may</u> have been on the side</u>" of his bed that was against the wall and that he "<u>may</u> have been between Roe" and the floor, thereby blocking her in. (*Id.*) (emphasis added). Of course, "may" means nothing in the province of an answer to a counterclaim. It represents neither an admission or denial. Rule 8(b) demands one or the other.

**Paragraph 14**: Counterclaim Paragraph 14 alleges that John Doe forced his fingers into Roe's vagina without her consent. (Dkt. 53 at Counterclaim ¶ 14.) It further alleges that she asked him to put on a condom because, due to her sexual inexperience, she thought he was penetrating

8

her with his penis rather than his fingers. (*Id.*) John Doe's Third Answer cites the three-page letter as his response even though little in that letter relates to Counterclaim Paragraph 14's allegations. (Dkt. 58 at ¶ 15.) Indeed, the only quoted clause in that letter relevant to these allegations—that Roe "suggested [John Doe]" get a condom so [they] could have sexual intercourse"—does not address the bulk of Paragraph 14's allegations. (*Id.*) Those unanswered allegations include whether he forced his fingers into Roe's vagina; whether he asked her if she wanted him to manually penetrate her; whether she liked it; and whether she repeatedly pushed him away. (Dkt. 53 at Counterclaim ¶ 14.) The Third Answer never admits or denies any of these allegations. (Dkt. 58 at ¶ 15.) Instead, it relies on that same catch-all two-ships response denying "all other allegations inconsistent with these [meaningless] admissions." (*Id.*) The Third Answer provides no clarity regarding whether John Doe admits or denies Roe's allegations. But Rule 8(b) demands more.

**Paragraph 15**: Counterclaim Paragraph 15 alleges John Doe's second attempt to perform oral sex on Roe—the attempt occurring *after* he manually penetrated her and *after* she was pinned against the wall. (Dkt. 53 at Counterclaim ¶ 15.) Paragraph 15 makes several specific allegations: 1) that Roe was pinned against the wall; 2) that John Doe began attempting oral sex on her again; 3) that he repeatedly tried to force her legs apart; 4) that she resisted these attempts; 5) that she pushed his head away from her vagina; and 6) that he tried these actions several times. (*Id.*)

John Doe once again responds by admitting the contents of his three-page letter. (Dkt. 58 at ¶ 16.) His response then quotes a portion of that letter relating to two issues: 1) that Roe requested he perform oral sex on her at some unspecified time; and 2) that Roe *later* rubbed his penis and suggested he get a condom for sex. (*Id.*) Of course, the second item—the alleged penis rubbing/condom request—has nothing to do with the oral sex allegations in Counterclaim Paragraph 15. The first item—that Roe requested oral sex from John Doe *before* they moved into

9

the phase where she requested a condom—is also nonresponsive to Counterclaim Paragraph 15's allegations because the allegations here relate to John Doe's oral sex attempts *after* the manual penetration/condom phase, not *before* it. (Dkt. 53 at Counterclaim ¶ 15.) So nothing in his letter relates to her allegations here.

Moreover, the vague, general language quoted from John Doe's three-page letter is completely nonresponsive to Counterclaim Paragraph 15's specific allegations that John Doe forcibly spread Roe's legs apart, her pushing his head away from her vagina, etc. The Third Answer never addresses any of this. (Dkt. 58 at ¶ 16.) Rule 8(b) demands more.

**Paragraph 16**:  Counterclaim Paragraph 16 alleges John Doe's attempt to get Roe to perform oral sex on him. (Dkt. 53 at Counterclaim ¶ 16.) Specifically, it alleges that: 1) while in shock, Roe momentarily performed oral sex on John Doe; 2) he held her head down; 3) she stopped almost immediately; and 4) he did not try to force her to perform oral sex on him after that. (*Id.*) In response, the Third Answer "admits" that Roe "voluntarily performed oral sex on [him]." (Dkt. 58 at ¶ 17) (emphasis added). Of course, Counterclaim Paragraph 16 does not allege that Roe *voluntarily* performed oral sex on John Doe. (Dkt. 53 at Counterclaim ¶ 16.) John Doe simply invents his own fact, inserts it and admits to it. (Dkt. 58 at ¶ 17.) Rule 8(b) prohibits this.

Moreover, the Third Answer's response does not address Paragraph 16's allegations that John Doe held Roe's head down, that she stopped almost immediately, and that he did not try to force her to perform oral sex on him after this. (Dkt. 58 at ¶ 17.) Even John Doe's catch-all two-ships denial of all allegations inconsistent with his "admission" of his self-created fact is nonresponsive, meaning that Roe's specific allegations have gone unanswered for a third time.

**Paragraph 17**: Counterclaim Paragraph 17 alleges Roe's desire to leave John Doe's room. (Dkt. 53 at Counterclaim ¶ 17.) Specifically, it alleges that she repeatedly told him she was tired

10

and wanted to go but that he rejected her requests and had hidden her clothes to prevent her from leaving. (*Id.*) Further, it alleges that once she found her clothes and was walking to the door, he grabbed her buttocks. (*Id.*) In response, John Doe again cites to and admits the contents of his self-serving three-page letter. (Dkt. 58 at ¶ 18.) The Third Answer even quotes some of that letter, but the quoted language has little to do with Paragraph 17's allegations. (*Id.*) That language discusses Roe's requesting a condom and leaving about ten minutes after that request. (*Id.*) The Third Answer further "admits" to some items not alleged in Counterclaim Paragraph 17, including that Roe's tiredness was related to the sexual activity and that John Doe walked her to the door. (*Id.*)

These quotes and his admitting his own allegations fail to answer Roe's allegations that she wanted to leave, that John Doe rejected her requests, that he hid her clothes and that he grabbed her buttocks as she left. Nor does his catch-all two-ships denial of all facts inconsistent with his "admissions" cure this since he admits to his own facts and never responds one way or the other to most of the facts actually alleged in Counterclaim Paragraph 17. Rule 8(b) demands more.

**Paragraph 19**: Counterclaim Paragraph 19 alleges that: 1) on December 11th, John Doe took LSD; 2) he was feeling the effects of the LSD during the party; 3) he decided to drink at the party; 4) the combined effect of the LSD and beer made him feel woozy and not good at the party; 5) he told a friend at the party that he was "feeling very drunk already;" and 6) he was still tripping on LSD into the morning of December 12th. (Dkt. 53 at Counterclaim ¶ 19.)

John Doe admits consuming alcohol on the day in question, but he hedges when it comes to Roe's allegation that he drank beer *at the party*. (Dkt. 58 at ¶ 20.) Roe's Counterclaim does not allege that he consumed alcohol on the day in question *generally* but at the party itself and shortly before he sexually assaulted her. (Dkt. 53 at Counterclaim ¶ 19.) This temporal link is key. By not admitting or denying Roe's specific allegation that he drank *at the party* and instead admitting that

11

he drank at some unspecified point during that day, John Doe neither admits nor denies Roe's allegation about alcohol consumption, leaving him free to testify in any direction on this point.

Further, the Third Answer injects John Doe's own allegations, asserting that his drug and alcohol use did not impact his ability to recall the events with Roe and did not cause him to engage in unwanted conduct toward her. (Dkt. 58 at ¶ 20.) After injecting these self-serving allegations contained nowhere in the Counterclaim, John Doe admits them. (*Id.*) Rule 8(b) prohibits this.

Last, John Doe provides a non-response to the allegation that he told another partygoer that he was "feeling very drunk already." Namely, he "admits" that the partygoer "provided CCC testimony regarding statements allegedly made by Plaintiff on December 11, 2015." (*Id.*) But that admits nothing regarding whether he told the partygoer that he was feeling very drunk. His response hedges further by building in the word "allegedly" into it. (*Id.*) Rule 8(b) demands more.

**Paragraphs 26 and 27**: Counterclaim Paragraphs 26 and 27 allege that Roe filed a sexual assault complaint with CCC. (Dkt. 53 at Counterclaim ¶¶ 26-27.) The Third Answer's responses inject John Doe's own allegation that "this complaint was investigated by CCC and that Plaintiff was <u>unlawfully</u> disciplined by CCC." (*Id.*) (emphasis added). Paragraphs 26 and 27 do not focus on CCC's investigation. They make no allegations about CCC's discipline of John Doe, let alone allege that the discipline was somehow *unlawful*. (Dkt. 53 at Counterclaim ¶¶ 26-27.) Rule 8(b) does not allow John Doe to insert his own wish-list allegations into Roe's Counterclaim and then admit to those while muddying the waters as to Roe's actual allegations.

**Paragraph 32**: Counterclaim Paragraph 32 alleges that John Doe told CCC he would withdraw from school if CCC would meet the following demands: 1) CCC would agree to remove Roe's allegations from his file; 2) his transcripts would show that he withdrew from his then-

current classes without receiving grades in those classes; and 3) CCC would tell those inquiring about him that he withdrew in good standing. (*Id.* at Counterclaim ¶ 32.)

John Doe's Third Answer offers no response and points merely to his three-page letter as his rejoinder. (Dkt. 58 at ¶ 33.), saying that the letter is his answer. Rule 8(b) rejects this approach. The Third Answer is even less responsive than this. It states that "during the course of his disciplinary proceeding at CCC[,] he made the offers to withdraw from CCC <u>such as</u> that contained in ¶53 of Plaintiff's Complaint." (*Id.*) (emphasis added). Not only does this fail to address Roe's specific allegations regarding John Doe's offers to withdraw, but it says that his three-page letter is just *one item among many* discussing his offers to withdraw without identifying the other items upon which his answer is based. (*Id.*) This is no answer at all.

**Paragraphs 34-36**: Counterclaim Paragraphs 34-36 allege that the CCC Hearing Panel (the "Panel") concluded John Doe violated the college's sexual conduct policy. (Dkt. 53 at Counterclaim ¶¶ 34-36.) Paragraph 34 alleges that the Panel found John Doe ignored Roe's repeated requests for the sexual conduct to stop and instead disrobed her, touched her genital areas and buttocks, performed oral sex on her and forced her hand onto his genital area. (*Id.* at ¶ 34.) Paragraph 35 alleges that the Panel found John Doe had used alcohol and LSD and that his actions and memories may have been affected by his drug and alcohol use. (*Id.* at ¶ 35.) Paragraph 36 alleges that the Panel found John Doe's oral and written statements to be inconsistent. (*Id.* at ¶ 36.)

John Doe's Third Answer fails to respond to these allegations, instead stating that the Panel's 7-page ruling speaks for itself. (Dkt. 58 at ¶¶ 35-37.) This Court prohibits the "document speaks for itself" response.[3] While the Third Answer does not employ the precise phrase "the

---

[3] *See State Farm Mut. Auto Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("speaks for itself" is an "unacceptable device, used by lawyers who prefer not to admit something that is alleged about a document," and not among the three possible answers permitted by Rule 8(b)); *TCF Inventory Fin. v. SS/T Auto LLC*, No. 16 C 8315, 2016 U.S. Dist. LEXIS 154588, *4 (N.D. Ill. Oct. 20, 2016) (same, striking answer); *Pac.*

document speaks for itself," it essentially provides that response by stating "Plaintiff admits PageId.2204-2200 of his Complaint contain the hearing panel's decision…" (Dkt. 58 at ¶¶ 35-37.)

Of course, Roe's Counterclaim does not seek an admission that the Panel's ruling exists or is contained in an exhibit to John Doe's Complaint. (Dkt. 53 at Counterclaim ¶¶ 34-36.) Her Counterclaim alleges that the Panel made certain findings. (*Id.*) Rule 8(b) entitles her to an admission or denial of whether the Panel made those findings. But John Doe's Third Answer fails to do that, instead simply pointing to the Panel's ruling and saying, *sub silencio*, that the Panel's ruling speaks for itself.[4]

**Paragraph 43**: Counterclaim Paragraph 43 focuses on Roe resorting to substance use due to the trauma of her sexual assault. (Dkt. 53 at Counterclaim ¶ 43.) Specifically, it alleges that beginning in February or March 2016, in an effort to dull the pain caused by the sexual assault, Roe began abusing prescription medication and started drinking more. (*Id.*) The Third Answer responds by claiming that John Doe lacks knowledge of Roe's actions in February and March 2016 because he "did not interact with Roe" during that time period. (Dkt. 58 at ¶ 44.) But elsewhere in his Third Answer, when responding to allegations about his contact with her in February and March 2016, he "admits that he encountered Roe on a few occasions during the spring term of 2016…" (*Id.* at ¶ 29.) Where a defendant demonstrates awareness of a matter in his pleadings, he

---

*Indem. Co. v. R.H. Love Galleries, Inc.*, No. 10 CV 454, 2012 U.S. Dist. LEXIS 28119, *5 (N.D. Ill. Feb. 28, 2012) ("speaks for itself" is not permitted under Rule 8 and fails "to expose pertinent issues in the litigation at the earliest possible stage," deeming allegations about document admitted).

[4] Curiously, John Doe's response cites to "PageId.2204-2200 of the Complaint" as support for his answers to Counterclaim Paragraphs 34-36. (Dkt. 58 at ¶¶ 35-37.) But his confusing citation lists the page range in a strange reverse order, going from 2204 down to 2200. He does this three times. (*Id.*) Importantly, several of these cited pages are not part of the Panel's ruling. And several pages of the Panel's ruling are not found in this inverted page range. Citing to this incorrect page range makes his responses all the more improper.

cannot claim ignorance of it elsewhere. *See*, *e.g.*, *Waussau Ins. Co.*, 2002 U.S. Dist. LEXIS 4171, at *4. John Doe's disingenuous claim of lacking knowledge violates Rule 8(b).

**Paragraph 68**: Counterclaim Paragraph 68 alleges that "Doe owed Roe a duty of care while she was in his dormitory room." (Dkt. 53 at Counterclaim ¶ 68.) In response, John Doe "admits he <u>may</u> have owed Roe a duty of care. . . ." (Dkt. 58 at ¶ 69) (emphasis added). Here is that cheat word "may" again. Of course, with the word "may," John Doe neither admits nor denies anything. Rule 8(b) demands more.

## CONCLUSION

The purpose of an answer to a counterclaim is to narrow the issues going forward. A complaint or counterclaim lays out allegations. An answer admits certain facts and denies others, thereby narrowing the issues for discovery. Discovery further narrows issues for dispositive motions, which further narrow the issues for trial. But by providing vague responses that are no responses at all, much of John Doe's Third Answer narrows nothing. It only obfuscates.

Answering a complaint or counterclaim properly is not difficult. It goes like this:

> Counter-Defendant admits the allegations of the first sentence of Paragraph 1, denies the allegations of the second sentence of Paragraph 1, and lacks knowledge regarding the allegations of the third sentence of Paragraph 1.

That's it. That's all that is needed unless one is trying to confuse the issues.

Roe respectfully requests the Court strike John Doe's violative answers; deem Roe's corresponding allegations admitted; and grant her attorneys' fees in conjunction with this Motion.

Dated: February 2, 2018            Respectfully submitted,

/s/ Michael R. Lieber
Michael R. Lieber
LIEBER LAW GROUP, LLC
123 North Wacker Drive, Suite 1600
Chicago, Illinois 60606
*Attorney for Defendant Jane Roe*

15

## **CERTIFICATE OF SERVICE**

      I certify that on February 2, 2018, a true and complete copy of the foregoing Motion was served on all counsel of record pursuant to the Court's ECF System.

                           /s/ Michael R. Lieber

                           Michael R. Lieber
                           LIEBER LAW GROUP, LLC
                           123 North Wacker Drive, Suite 1600
                           Chicago, Illinois 60606
                           *Attorney for Defendant Jane Roe*