UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| John Doe, ) | |
| ) | Case No. 1:17-cv-00748 |
| Plaintiff, ) | |
| ) | Honorable Amy J. St. Eve |
| v. ) | |
| ) | |
| Columbia College Chicago, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT JANE ROE'S
MOTION TO STRIKE JOHN DOE'S ANSWER
TO COUNTERCLAIM IN DOCKET NO. 53**

**I.     BACKGROUND INFORMATION**

Defendant/Counterclaimant Jane Roe's Motion to Strike Plaintiff John Doe's Answer to Her Counterclaim in Docket No. 53 (Doc. No. 67) is without merit. As demonstrated below and from a review of Plaintiff John Doe's Answer to Defendant Jane Doe's Counterclaim in Docket 53 (Doc. No. 58), he has complied with Rule 8 of the Federal Rules of Civil Procedure. If the Court disagrees, Doe respectfully requests leave to amend his answer.

**II.    ANALYSIS**

   **A. Legal Standard**

Federal Rule of Civil Procedure 12(f) controls motions to strike pleadings. This rule grants the Court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court disfavors motions to strike that squander judicial resources and do not expedite litigation. *See Pavlik v. FDIC*, No. 10 C 816, 2010 WL 3937621, *1 (N.D. Ill. Oct. 5, 2010) (internal citations omitted). The party moving to strike bears the burden of demonstrating that "the challenged allegations are so unrelated to [her] claim as to

1

be devoid of merit, unworthy of consideration, and unduly prejudicial." *Id*. Prejudice results when the challenged accusation confuses the issues or is so lengthy and complex that it places an undue burden on the opposing party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill 1997). Here, Roe has failed to meet her burden demonstrating that the challenged allegations should be stricken.

### B. The Challenged Portions of the Answer Comply with Fed. R. Civ. P. 8(b).

Roe specifically argues that the answers to Paragraphs 1, 3, 6, 7, 8, 10, 12-17, 19, 26-27, 32, 34-36, 43 and 68 should be stricken because the answers do not comply with Rule 8(b). Contrary to Roe's argument, Doe's answers to these allegations fully comply with Rule 8(b). A review of Doe's Answer (Doc. No. 58) demonstrates that, when responding to the allegations at issue, Doe either admitted the portion that was true and denied the remaining allegations (*id*. at ¶¶ 1, 3, 8, 10, 13, 15, 19, 32, 34-36, and 68) or admitted the portion that was true and denied the remaining allegations as untrue or for lack of information or belief (*id*. at ¶¶ 6, 7, 12, 14, 16-17, 26, 27, and 43). Doe's responses comply with the notice requirements contained in *Fed. R. Civ. P. 8(b)(2)-(5)*. No more is required.

Moreover, Doe's responses are not "devoid of merit, unworthy of consideration, and unduly prejudicial." *Pavlik*, 2010 WL 3937621 at **2-3. Doe responded to each detailed allegation in good faith. There is no attempt to evade the requirements of the Federal Rules of Civil Procedure. Between the detailed Second Amended Complaint and Counterclaim and Answer to Roe's Counterclaim, there is no doubt that Roe is on notice that (1) Doe denies he sexually assaulted Roe or engaged in any nonconsensual sexual activity with her and (2) Doe and Roe disagree about what transpired between the two of them on the night in question. Because Doe has

not provided the answers that Roe wants does not mean that his responses are devoid of merit, unworthy of consideration, or unduly prejudicial.

### III. CONCLUSION

For the reasons stated herein, Plaintiff John Doe respectfully requests that the Court deny Defendant/Counterclaimant Jane Roe's Motion to Strike John Doe's Answer to Her Counterclaim in Docket No. 53 is without merit. Alternatively, Plaintiff John Doe requests leave to amend any portions of the Amended Answer the Court deems insufficient.

Respectfully submitted,

Attorneys for John Doe

By: /s/ Eric J. Rosenberg

Eric J. Rosenberg (admitted *pro hac vice*)
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, Ohio 43023
740.644.1027 phone
866.498.0811 fax
erosenberg@rosenbergball.com
tturner@rosenbergball.com

Lead Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

A copy of the foregoing was electronically filed with the Court and served via the CM/ECF system and/or U.S. mail and/or email upon the following on February 13, 2018:

> Michael R. Lieber
> Lieber Law Group LLC
> 123 North Wacker Drive, Suite 1600
> Chicago, Ill. 60606
>
> Scott L. Warner
> Katelan E. Little
> 300 South Wacker Drive, Suite 3400
> Chicago, Ill. 60606

                                                */s/ Eric Rosenberg*
                                                Eric J. Rosenberg (Ohio Bar #0069958)