UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-cv-748 |
| v. ) | |
| ) | Judge Amy St. Eve |
| COLUMBIA COLLEGE CHIGAGO et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SURREPLY TO
DEFENDANT JAN ROE'S REPLY IN SUPPORT OF HER MOTION TO STRIKE JOHN
DOE'S ANSWER TO HER COUNTERCLAIM IN DOCKET 74**

Plaintiff John Doe ("Doe") respectfully requests this Court reject new – and false – allegations[1] contained in Defendant Jane Roe ("Roe's") reply brief in Docket 74 ("Roe's Reply") which Roe filed in support of Roe's motion to strike in Docket 67 ("Roe's MTS"). For, Roe alleges – for the first time – that portions of Doe's Answer should be struck because his attorney refused to engage in "a meet-and-confer process mandated by Local Rule 37.2." *Doc. 74,* PageId.4075.

This allegation is false in part because Doe's attorney has never refused a meet-and-confer request by Roe's attorney. *See generally, Exhibit 1,* ¶2 (containing affidavit of Doe's attorney Eric Rosenberg ("Rosenberg")). Moreover, when Roe's attorney and Doe's attorney had phone conversations, Roe's attorney never expressed a compromise position regarding his demands related to Doe's Answer to Roe's Counterclaim. *Id.,* ¶3.

---

[1] *See e.g., Peterson v. Village of Downers Grove*, 103 F.Supp.3d 918, (N.D. Ill. 2015)(finding "[a]rguments raised for the first time in reply briefs are ordinarily waived, and rightly so given the lack of opportunity for the other party to respond to them.")(citing *Carroll v. Lynch,* 698 F.3d 561, 564 n. 2 (7th Cir.2012)).

In addition, the emails attached to Roe's Reply disprove Roe's allegation that Doe's attorney "indicated no desire to work through the parties' disputes outside of motion practice." *Doc. 74,* PageId.4075. This is partly because these emails prove: (a) Roe's attorney never presented a proposal for working through the parties' disputes outside of motion practice, and (b) Doe's attorney actually agreed to requests made by Roe's attorney. *See generally, Doc.74-1,* PageId.4079-80 (containing Rosenberg's email agreeing to request from Roe's attorney that Rosenberg "not raise mootness or unripeness defenses to [Roe's] renewed motion to strike. . . .").

Roe also raised new – and false – arguments by alleging Doe's attorney has a history of "shun[ing] Roe's counsel's attempts to work through this dispute." *Doc.74,* PageId.4075. This claim is false in part because it is Roe's attorney who has repeated shunned attempts at compromise by engaging in practices such as threatening to allow the public discrimination of Doe's real name unless Doe agreed to Roe's settlement demands. *Exhibit 1,* ¶4.

As a result, Doe respectfully requests this deny Roe's MTS in part because it is based on false arguments.

>
> Respectfully submitted,
> Attorneys for John Doe
>
> By: /s/ Eric J. Rosenberg
> Eric J. Rosenberg (0069958)
> Tracy L. Turner (0069927)
> Rosenberg & Ball Co. LPA
> 395 North Pearl Street
> Granville, Ohio 43023
> 740.644.1027 phone
> 866.498.0811 fax
> erosenberg@rosenbergball.com
> tturner@rosenbergball.com
> Lead Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

A copy of the foregoing was electronically filed with the Court and served via the CM/ECF system and/or U.S. mail and/or email upon the following on the 1st day of March 2018:

>   Michael R. Lieber
>   Lieber Law Group LLC
>   123 North Wacker Drive, Suite 1600
>   Chicago, Ill. 60606

>   */s/ Eric Rosenberg*
>   Eric J. Rosenberg (Ohio Bar #0069958)